Andrew M. Jacobs (#021146)
SNELL & WILMER L.L.P.
One South Church Avenue, Suite 1500
Tucson, AZ  85701-1630
Telephone: (520) 882-1200
ajacobs@swlaw.com

Attorney for Defendant
The Variable Annuity Life Insurance Company

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JOHN HALL and BRENDA HALL, on behalf of themselves and others similarly situated,<br><br>        Plaintiffs,<br><br>vs.<br><br>THE VARIABLE ANNUITY LIFE INSURANCE COMPANY, *et al.*,<br><br>        Defendants. | No. 4:09-CV-00712-JMR<br><br><br><br>**DEFENDANT THE VARIABLE ANNUITY LIFE INSURANCE COMPANY'S MOTION TO TRANSFER VENUE TO THE  SOUTHERN DISTRICT OF TEXAS AND MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**ORAL ARGUMENT REQUESTED** |

# TABLE OF CONTENTS

MOTION TO TRANSFER VENUE ..................................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES.....................................................1

          Preliminary Statement....................................................................................1

                   I.      FACTUAL BACKGROUND ...................................................2

                  II.     ARGUMENT AND AUTHORITIES .......................................3

CONCLUSION............................................................................................................11

MOTION TO TRANSFER VENUE ................................................................................ 1

MEMORANDUM OF POINTS AND AUTHORITIES ................................................. 1

PRELIMINARY STATEMENT ...................................................................................... 1

I.  FACTUAL BACKGROUND................................................................................... 2

II.  ARGUMENT AND AUTHORITIES ...................................................................... 3

     A.  The Southern District Of Texas Is A Proper Forum For This Action .......................... 4

     B.  Transfer To The Southern District Of Texas Would Serve The Convenience Of The Parties, The Convenience Of The Witnesses, And The Interests Of Justice ........ 5

         1.  The convenience of the parties and witnesses favors transfer to the Southern District of Texas ................................................................... 5

         2.  The availability of witnesses and their live testimony favors transfer to the Southern District of Texas ................................................................................... 7

         3.  The relative ease of access to sources of proof favors transfer to the Southern District of Texas ................................................................... 8

         4.  The difference in the cost of litigation favors transfer to the Southern District of Texas................................................................................... 9

         5.  The relevant public policy of each state favors transfer to the Southern District of Texas................................................................................ 10

     C. The Existence Of The Legal Malpractice Action, *Bobbitt v. Milberg, LLP*, Does Not Weigh In Favor Of Venue In Arizona ................................................................ 10

CONCLUSION ..........................................................................................................11

i

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Berry v. Potter*
    2006 WL 335841 (D. Ariz. Feb. 10, 2006)..................................................8

*Culp v. Gainsco, Inc.*
    2004 WL 2300426 (S.D. Fla. Oct. 1, 2004) ..........................................6, 10

*Gomez v. Wells Fargo Bank, NA*
    No. 09-00181, 2009 WL 1936790 (D. Ariz. July 2, 2009).....................5, 6, 9

*High River Ltd. P'ship v. Mylan Labs., Inc.*
    353 F. Supp. 2d 487 (M.D. Pa. 2005)....................................................6

*Int'l Comfort Products, Inc. v. Hanover House Indus., Inc.*
    739 F. Supp. 503 (D. Ariz. 1987) ........................................................5

*Italian Colors Rest. v. Am. Express Co.*
    No. 03-3719, 2003 WL 22682482 (N.D. Cal. Nov. 10, 2003) .......................9

*Job Haines Home for the Aged v. Young*
    936 F. Supp. 223 (D.N.J. 1996)........................................................6, 11

*Jones v. GNC Franchising, Inc.*
    211 F.3d 495 (9th Cir. 2000).............................................................4, 5

*Koster v. Lumbermens Mut. Cas. Co.*
    330 U.S. 518 (1947) ..........................................................................6

*Lou v. Belzberg*
    834 F.2d 730 (9th Cir. 1987) .............................................................6

*Magedson v. Whitney Info. Network, Inc.*
    2009 WL 113477 (D. Ariz. Jan. 16, 2009) ..........................................5, 8, 9

*Painter's Dist. Council No. 30 Health & Welfare Fund v. Amgen, Inc.*
    No. 07-3880, 2007 WL 4144892 (C.D. Cal. Nov. 13, 2007) ..................10, 11

*Ricoh Co. v. Honeywell, Inc.*
    817 F. Supp. 473, 487 (D.N.J. 1993)..................................................11

*Stewart Org. v. Ricoh Corp.*
    487 U.S. 22 (1988) ..........................................................................5

*Van Dusen v. Barrack*
    376 U.S. 612 (1964) .........................................................................3

*United States ex. rel Roop v. Arkray USA, Inc.*
    2007 WL 844691 (N.D. Miss. March 19, 2007) .......................................9

## DOCKETED CASES

*Bobbitt v. Milberg, LLP*
    No. 4:09-cv-00629 (D. Ariz. Jan. 1, 2010)........................................................................10

## STATUTES

28 U.S.C. § 78aa..................................................................................................................4

28 U.S.C. § 1404(a)......................................................................................................1, 3, 4

Fed. R. Civ. P. 45...............................................................................................................8

## MOTION TO TRANSFER VENUE

Pursuant to 28 U.S.C. § 1404(a), Defendant The Variable Annuity Life Insurance Company moves to transfer venue to the United States District Court for the Southern District of Texas, Houston Division.  In Support of its Motion, Defendant hereby files the accompanying Memorandum of Points and Authorities, which is incorporated as if fully set forth herein.

## MEMORANDUM OF POINTS AND AUTHORITIES

In support of its Motion to Transfer Venue to the Southern District of Texas, Defendant The Variable Annuity Life Insurance Company ("VALIC"), for its Memorandum of Points and Authorities states as follows:

### *Preliminary Statement*

Pursuant to 28 U.S.C. § 1404(a), this purported nationwide class action should be transferred from the District of Arizona to the Southern District of Texas, Houston Division. Venue is proper in the Southern District of Texas and every relevant factor weighs in favor of transferring venue.

The Southern District of Texas is, by far, the most convenient forum for the parties and witnesses.  The corporate policies at issue in this suit were developed at VALIC's headquarters in Houston, Texas, and the vast majority of corporate witnesses and documents are located there.  The Southern District of Texas is readily accessible to most of the potential corporate witnesses and will have a greater ability to compel testimony from unwilling witnesses. Consequently, it will be less expensive for the parties and witnesses to litigate this dispute in the Southern District of Texas.

In contrast, Plaintiffs' choice of forum—a venue that is neither their home nor where they purchased the variable annuities at issue—is entitled to little weight, especially where, as here, Plaintiffs seek to represent a nationwide class, only a small percentage of which has any ties to this District.  Consequently, the Court should transfer this action to the Southern District of Texas.

# I.    FACTUAL BACKGROUND

On December 21, 2009, Plaintiffs filed this class action complaint in the United States District Court for the District of Arizona against VALIC, The Variable Annuity Marketing Company ("VAMCO"), The Variable Annuity Life Insurance Company Separate Account A ("VALIC Separate Account A"), VALIC Financial Advisors, Inc. ("VFA"), John A. Graf, Robert A. Devlin, Kent E. Barrett, Bruce R. Abrams, Mary L. Cavanaugh, M. Kathleen Adamson, Carl J. Santillo, Robert P. Condon, Rebecca G. Campbell, and Does 1-100 (collectively, the "Defendants").  None of the defendants has been served.

Plaintiffs assert two causes of action against Defendants for alleged violations of Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 and one cause of action for alleged violations of Section 20(a) of the Exchange Act.  (Compl. ¶¶ 114-35.)  The Complaint alleges that Defendants engaged in a coordinated practice of marketing and selling deferred annuities to individuals when the tax deferral advantages of the deferred annuity were unnecessary.  (*See, e.g., id.* ¶¶ 4, 49, 58.)  The Complaint also asserts that Defendants "exercise substantial control over the entire sales process" and "train, through the use of uniform training materials, and supervise the sales practices of, the VALIC Agents," who then sell the allegedly unnecessary deferred annuities.  (*Id.* ¶ 58.)  Further, the Complaint alleges that "VALIC prepares or pre-approves each piece of advertising and sales material used to effect sales of its deferred annuities." (*Id.* ¶ 59.)  Through these alleged practices, Plaintiffs assert that Defendants promote and sell the unnecessary deferred annuities in violation of the Exchange Act.  (*Id.* ¶¶ 70, 72, 76.)

Plaintiffs seek to represent a nationwide class action that may include "thousands" of class members who are "widely dispersed geographically."  (Compl. ¶ 45(a).)  Despite filing the Complaint in the District of Arizona, Plaintiffs reside in California.  (Compl. ¶¶ 25-26.) Plaintiffs did not receive any allegedly misleading sales or marketing material in Arizona, and their alleged purchase of the deferred annuities did not occur in Arizona.  Indeed, the

Complaint does not allege any specific acts that occurred within Arizona, and Plaintiffs offer no explanation why they chose to file in this forum.

All of the Defendants, to the extent they even exist or are alive, reside or are located outside of Arizona.1  Both VALIC and VFA are organized under the laws of Texas with their principal places of business located in Houston, Texas.  (Declaration of Katherine L. Stoner ¶¶ 3, 9 (hereinafter, "Stoner Decl.").)  VAMCO was dissolved in 2002 but was previously organized under the laws of Texas and headquartered in Houston.  (*Id.* ¶ 10.)  VALIC Separate Account A is not a corporate entity.  (*Id.* ¶ 11.)  Moreover, none of the Individual Defendants are residents of Arizona.  (Declaration of Steven J. Mueller ¶ 4 (hereinafter, "Mueller Decl.").)  Mr. Abrams' and Ms. Cavanaugh's last known residence is in Texas.  (*Id.* ¶¶ 6-7.)  Mr. Graf's last known residence is in Connecticut.  (*Id.* ¶ 5.)  Mr. Devlin's and Ms. Campbell's last known residence is in New York.  (*Id.* ¶¶ 8-9.)  Mr. Barrett's last known residence is in Iowa; Ms. Adamson's last known residence is in North Carolina; and Mr. Santillo's last known residence is in Virginia.  (*Id.* ¶¶ 10-12.)  Mr. Abrams remains a director and officer of VALIC.  (Compl. ¶¶ 33-40; Mueller Decl. ¶ 6.)  Mr. Condon is no longer subject to suit anywhere, having died in 2004.  (Mueller Decl. ¶ 13.)

## II.   ARGUMENT AND AUTHORITIES

The Court should transfer this action to the Southern District of Texas.  Section 1404(a) provides that, "[f]or the convenience of parties and witnesses, [and] in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. §1404(a).  "Section 1404(a) reflects an increased desire to have federal civil suits tried in the federal system at the place called for in the particular case by considerations of convenience and justice," and it aims "to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense."  *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964).

---

[1] Consequently, VALIC has no reason to believe that any of the other Defendants would object to having this case transferred to the Southern District of Texas.

1   When determining a motion to transfer venue, the requested venue must be one in which

2   the action "might have been brought."  28 U.S.C. § 1404(a).  If so, the court must consider

3   whether transfer serves the convenience of the witnesses, the convenience of the parties, and

4   the interests of justice.  *Jones v. GNC Franchising, Inc*., 211 F.3d 495, 498 (9th Cir. 2000).

5   Here, all relevant factors weigh heavily in favor of transferring this case to the Southern

6   District of Texas.

7   **A.    The Southern District Of Texas Is A Proper Forum For This Action**

8   The threshold issue in this motion to transfer venue is whether the action "might have

9   been brought" in the Southern District of Texas.  28 U.S.C. § 1404(a).  In actions alleging

10  violations of the Exchange Act, venue is proper "in any [district wherein any act or transaction

11  constituting the violation occurred] or in the district wherein the defendant is found or is an

12  inhabitant or transacts business."  28 U.S.C § 78aa.

13  The Southern District of Texas is a proper venue for this dispute.  First, VALIC and VFA

14  are Texas entities, with their principal places of business in Houston.  (Compl. ¶¶ 27-30; Stoner

15  Decl. ¶¶ 3, 9.)  Further, seven of the eight living individual defendants were at one time

16  directors or officers of VALIC,[2] two still live in the Houston area, and one remains CEO of

17  VALIC.  (Compl. ¶¶ 32-40; Mueller Decl. ¶¶ 5-13.)

18  Second, the corporate policies which are the subject of this suit were developed in the

19  Southern District of Texas.  (Stoner Decl. ¶ 5; Declaration of David H. den Boer ¶¶ 4, 6

20  (hereinafter, "den Boer Decl.").)  The Complaint alleges that Defendants implemented

21  corporate policies that encouraged VALIC sales representatives to sell variable annuities to

22  investors who received no tax deferral advantage from the deferred annuities.  (Compl. ¶¶ 4,

23  49, 58, 59, 70, 72, 76.)  While the individual sales meetings between the sales representatives

24  and the proposed class occurred throughout the country; Houston is where the challenged

25  corporate policies were developed.  (Stoner Decl. ¶ 5; den Boer Decl. ¶¶ 4-6.)  The

26

27   [2] Mr. Devlin was never a VALIC director, officer, or employee.  (Mueller Decl. ¶ 8.)

28

4

applications, marketing materials, and prospectuses for VALIC's annuity products were drafted and approved in Houston; the corporate policies regarding sales practices and compensation were developed there; and sales representatives were trained in Houston.  (Stoner Decl.  ¶¶ 5-6; den Boer Decl. ¶¶ 4-6.)  Consequently, the Southern District of Texas is an appropriate venue for this suit.

**B.     Transfer To The Southern District Of Texas Would Serve The Convenience Of The Parties, The Convenience Of The Witnesses, And The Interests Of Justice**

"Under § 1404(a), the district court has discretion 'to adjudicate motions for transfer according to individualized, case-by-case consideration of convenience and fairness.'"  *GNC Franchising*, 211 F.3d at 499 (quoting *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)).  The court may consider multiple factors.  *Id.*; *see Gomez v. Wells Fargo Bank, NA*, No. 09-00181, 2009 WL 1936790, at *1 (D. Ariz. July 2, 2009) (listing potential factors).  The factors relevant to this Motion are: (1) the convenience of the parties and witnesses; (2) the availability of witnesses and their live testimony at trial; (3) the ease of access to sources of proof; (4) the difference in the cost of litigation in the two forums; and (5) the contacts and relevant public policy of each state.  *See Magedson v. Whitney Info. Network, Inc.*, No. CV-08-1715, 2009 WL 113477, at *4 (D. Ariz. Jan. 16, 2009); *see also GNC Franchising*, 211 F.3d at 498-99.  All of these factors favor transfer of this case to the Southern District of Texas.

**1.     The convenience of the parties and witnesses favors transfer to the Southern District of Texas.**

"The most critical factor to review is the convenience of the witnesses."  *Int'l Comfort Products, Inc. v. Hanover House Indus., Inc.*, 739 F. Supp. 503, 507 (D. Ariz. 1987).  The fact that witnesses may be employees of a party makes no difference to this factor.  *See Gomez*, 2009 WL 1937690, at *2 (finding that convenience of witnesses warranted transfer from Arizona to Minnesota, where most of defendants' employee-witnesses were located).  Due to the early stage of this litigation and lack of discovery, it is difficult to predict with specificity which witnesses will testify and the information each will offer.  However, the Complaint's allegations make clear that the vast majority of corporate witnesses are in the Southern District

5

of Texas.  Plaintiffs allege a broad coordinated effort to violate the Exchange Act through the dissemination of false and misleading marketing materials and prospectuses, as well as the creation and implementation of deceptive, uniform sales practices.  (*See, e.g.*, Compl. ¶¶ 4, 49, 58-59, 70, 72, 76.)

Witnesses who can testify to such allegations will primarily reside in and around the Houston area.  For instance, VALIC's marketing material and deferred annuity applications are drafted and approved by a compliance department located in Houston.  (Stoner Decl. ¶ 5; den Boer Decl. ¶ 5.)  Further, VALIC's and VFA's training materials and procedures are created and approved in Houston.  (Stoner Decl. ¶ 5; den Boer Decl. ¶¶ 4, 6.)  Thus, resolving Plaintiffs' allegations will require testimony from witnesses located for the most part in Texas, while no testimony will be required from witnesses located in Arizona.  *See Gomez*, 2009 WL 1936790, at *2-3 (transfer was "strongly favor[ed]" where most, if not all, of defendants' employees were located in Minnesota).

Transfer to the Southern District of Texas would be more convenient for Defendants, and would be no less convenient for either the named Plaintiffs or the putative class members.  In any event, Plaintiffs' choice of forum merits little consideration.  "In a class action, the named plaintiff's testimony and other input is likely to be minimal."  *Job Haines Home for the Aged v. Young*, 936 F. Supp. 223, 228 (D.N.J. 1996).  Consequently, the plaintiff's choice of forum is given less weight when the plaintiff represents a putative class.  *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987); *see also Job Haines*, 936 F. Supp. at 228 ("[T]he weight of authority holds that in class actions and derivative lawsuits the class representative's choice of forum is entitled to lessened deference.") (citing *Koster v. Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 524 (1947)).  Further, when plaintiffs choose a forum that is not their home forum, their forum preference is entitled to little weight.  *See Culp v. Gainsco, Inc.*, No. 0320854, 2004 WL 2300426, at *4 (S.D. Fla. Oct. 1, 2004); *accord High River Ltd. P'ship v. Mylan Labs., Inc.*, 353 F. Supp. 2d 487, 498-99 (M.D. Pa. 2005).  Here, Plaintiffs live in California but seek to represent a nationwide class in Arizona.  At a minimum, by filing suit in a distant forum,

Plaintiffs have shown they do not feel inconvenienced by traveling if necessary for purposes of pursuing their claims.  They have also retained Texas counsel and, therefore, have no grounds to argue that Texas would be an inconvenient place to litigate.  Consequently, Plaintiffs' choice to file suit in Arizona is entitled to little weight.

Moreover, Plaintiffs' claims are based on alleged misrepresentations and omissions that occurred at potentially "thousands" of individual meetings between VALIC representatives and members of the purported class who, Plaintiffs allege, are "widely dispersed geographically." (*See* Compl. ¶ 45(a).)  Therefore, the convenience of the proposed class cannot favor a single particular venue.[3]

Accordingly, the convenience of the witnesses—the most important factor to be considered—and the convenience of the parties favor transferring this case to the Southern District of Texas.

### 2. The availability of witnesses and their live testimony favors transfer to the Southern District of Texas.

The majority of witnesses are employees and former employees of VALIC, VAMCO, and VFA and are located in and around Houston.  (Stoner Decl. ¶ 8; den Boer Decl. ¶ 8.)  These witnesses will be necessary to testify regarding VALIC's sales and marketing procedures and training, the authentication and creation of marketing materials, and the corporate policies regarding commission payments.  (*See* Stoner Decl. ¶¶ 5-8; den Boer Decl. ¶¶ 4-8.)

Furthermore, the Southern District of Texas will have a greater ability to compel testimony from unwilling witnesses.  Courts generally find that when a witness is an employee of a defendant, the defendant may obtain the employee's attendance at trial.  However, Plaintiffs seek to certify a class consisting of individuals who purchased deferred annuities on or after January 1, 1974 to the present.  (Compl. ¶ 1.)  Although the proposed class period is

---

[3] Furthermore, if the Court considers the location of the proposed class members, Texas is more convenient.  VALIC has issued approximately five times more variable annuity contracts and/or contract certificates in Texas than it has in Arizona.  (Stoner Decl. ¶ 4.)

grossly overbroad, it is necessarily the case that with any large company, employees naturally leave to pursue other careers. This is all the more true when the supposedly relevant time period spans more than 35 years. Many former employees—including potential witnesses— likely reside in Houston.[4] As a result, the Southern District of Texas will have subpoena power to compel their appearance. *See* Fed. R. Civ. P. 45(c)(3)(A)(ii). The District of Arizona does not possess similar power. *See* Fed. R. Civ. P. 45.

Thus, because most of the witnesses reside in and around Houston and the Southern District of Texas will have greater subpoena power than this Court, this factor also weighs in favor of transfer.

### 3. The relative ease of access to sources of proof favors transfer to the Southern District of Texas.

When considering the ease of access to sources of proof, the court should consider the location of witnesses and documents. *Berry v. Potter*, No. Civ. 04-2922, 2006 WL 335841, at *6 (D. Ariz. Feb. 10, 2006) (holding that transfer was warranted where none of the documentary evidence was located in plaintiff's chosen forum); *see also Magedson*, 2009 WL 113477, at *5 (transferring case where witnesses were more readily available in Florida). The vast majority of relevant documents are located in Houston and, as discussed above, so are the vast majority of the witnesses. (Stoner Decl. ¶¶ 7-8; den Boer Decl. ¶¶ 7-8.) Houston, as the headquarters for VALIC and VFA, houses the vast majority of relevant documents, including past and current prospectuses, marketing materials, corporate policies, sales guides, and training materials. (Stoner Decl. ¶¶ 5-7; den Boer Decl. ¶¶ 4-7.) On the other hand, the only relevant documents and witnesses potentially located in Arizona would relate to unnamed

---

[4] For example, Texas is the last known residence of Jane Bates, the former director of compliance for VAMCO and VFA; V. Keith Roberts, a former senior manager in compliance for VAMCO and VFA; Howard Weinthal, VALIC's former national sales training coordinator; and Mike Perry, VALIC's former national sales manager. (Mueller Decl. ¶¶ 14-17.)

members of the proposed class.  Thus, this factor clearly weighs in favor of transferring venue to the Southern District of Texas.

### 4. The difference in the cost of litigation favors transfer to the Southern District of Texas.

"Generally, litigation costs are reduced when venue is located near most of the witnesses expected to testify or give depositions."  *Gomez*, 2009 WL 1937690, at *3 (quoting *Italian Colors Rest. v. Am. Express Co*., No. 03-3719, 2003 WL 22682482, at *5 (N.D. Cal. Nov. 10, 2003)).  Further, litigation costs are reduced when the action is pursued near the location of relevant documents.  *Id.* (finding that transfer was appropriate where nearly all of defendants' documents were located in Minnesota).

While some courts consider the fact that "discovery costs should be about the same in either forum" due to technological advances, *Magedson*, 2009 WL 113477, at *5, the court should also consider the attendant costs of using the documents at trial and in depositions, *see United States ex. rel Roop v. Arkray USA, Inc*., No. 1:04-CV-87, 2007 WL 844691, at *3 (N.D. Miss. March 19, 2007).  Thus, this factor need not be discounted because of technological advances.  *Id.*  In *U.S., ex rel. Roop*, the court noted that, while documents can easily be transported to the forum state, "it is this court's experience that, as a practical matter, the introduction of documentary evidence often leads to the necessity of calling live witnesses for various purposes, including authentication and to provide explanation and/or context for information contained in the documents."  *Id.*

Consequently, this factor likewise weighs in favor of transferring the case to the Southern District of Texas because most of the relevant documents will be located in the Southern District at the headquarters of VALIC and VFA.  (Stoner Decl. ¶¶ 3, 7, 9; den Boer Decl. ¶ 7.)  Witnesses who can authenticate and elaborate on such documents will similarly be readily available in Houston.  (Stoner Decl. ¶ 8; den Boer Decl. ¶ 8.)  And, while the cost of document production may be similar in either venue, the cost of producing witnesses will most certainly be less expensive in the Southern District of Texas.

### 5. The relevant public policy of each state favors transfer to the Southern District of Texas.

When considering the public policy factor, the Court should focus on which state has a greater stake in the outcome. *Culp*, 2004 WL 2300426, at *7. When the "bulk" of the allegedly wrongful activity occurred in one district, the Defendants' presence and continued operations in that district weigh in favor of transfer to that district. *Id*. This factor is bolstered when the district in which the case is filed has few members of the class, with unknown financial stakes, relative to other class members who are dispersed geographically among numerous judicial districts. *Id*. Arizona has few, if any, contacts with this dispute. None of the named Plaintiffs or individual defendants are residents of Arizona, and neither VALIC or VFA is headquartered here. On the other hand, VALIC and VFA conduct business in Texas and, as explained above, the bulk of the alleged wrongful acts supposedly occurred in the Southern District of Texas. Because there are potential class members throughout the country, Texas' interest in ensuring that Defendants' presence and operations are lawful outweighs other states' relatively equivalent interest in protecting their residents—especially when the named Plaintiffs are not even residents of Arizona and rely on Texas counsel to prosecute their Complaint.

### C. The Existence Of The Legal Malpractice Action, *Bobbitt v. Milberg, LLP*, Does Not Weigh In Favor Of Venue In Arizona

Some courts consider the existence of related cases when determining if transfer is warranted. *See Painter's Dist. Council No. 30 Health & Welfare Fund v. Amgen, Inc.*, No. 07-3880, 2007 WL 4144892, at *7-8 (C.D. Cal. Nov. 13, 2007). However, the existence of a separate legal malpractice lawsuit does not militate against transferring this case to the Southern District of Texas. In *Bobbitt v. Milberg*, the plaintiff alleges that the firm of Milberg Weiss represented him as a putative member of a previous class action against VALIC (the "Drnek Class Action"). The class in Drnek was vacated after the Court found that the plaintiffs could not prove a class-wide measure of damages. (Bobbitt Second Amended Compl. ("Bobbitt SAC") ¶¶ 27-32, 40, 43, *Bobbitt v. Milberg, LLP*, No. 4:09-cv-00629 (D. Ariz. Jan. 1, 2010)). Bobbitt alleges that the dismissal resulted from the defendant law firm's negligent conduct.

10

The pendency in this district of a legal malpractice case against Milberg Weiss, involving allegations of professional negligence, does not make this district a more appropriate venue for resolving securities fraud claims against VALIC and the other defendants.  Courts favor bringing related cases together in one forum because "it is in the interests of justice to permit suits involving the same parties and issues to proceed before one court and not simultaneously before two tribunals."  *Job Haines*, 936 F. Supp. at 233 (quoting *Ricoh Co. v. Honeywell, Inc*., 817 F. Supp. 473, 487 (D.N.J. 1993)).  If the parties and issues are not the same or similar, there is no benefit in having multiple cases in front of the same tribunal.  *Id*. Obviously, the parties in Bobbitt and this action are not the same and the causes of action are not sufficiently similar to weigh against transfer.  The Bobbitt case will focus on the attorneys' conduct while this case will focus on Plaintiffs' allegations that Defendants violated the Exchange Act.

Moreover, even if this potential factor weighs in favor of not transferring, every other relevant factor weighs in favor of transferring venue to the Southern District of Texas.  *See Painter's Dist. Council*, 2007 WL 4144892, at *7-8 (finding factors weighed in favor of transfer despite existence of related cases before the court).  Thus, the Court should transfer this case to the Southern District of Texas.

## <u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully request that this Court grant its Motion to Transfer Venue to the Southern District of Texas.

DATED this 2nd day of March, 2010.

SNELL & WILMER L.L.P.


By  s/Andrew M. Jacobs
Andrew M. Jacobs
One South Church Avenue
Suite 1500
Tucson, AZ  85701-1630

11

1

**CERTIFICATE OF SERVICE**

2

    I certify that the foregoing Motion to Transfer Venue was served upon the Clerk's Office

3

and Plaintiffs' counsel of record via the Court's CM/ECF filing system on this 2nd day of March,

4

2010.

5

                           /s/ Andrew M. Jacobs

6

_____

7

8

11251464.1

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

12