**HAGENS BERMAN SOBOL SHAPIRO LLP**
Robert B. Carey #011186
Leonard W. Aragon #020977
Amy M. Wilkins #022762
11 West Jefferson Street, Suite 1000
Phoenix, Arizona 85003
Telephone: (602) 840-5900
Facsimile: (602) 840-3012
E-Mail: rcarey@hbsslaw.com
         leonard@hbsslaw.com

[Additional Counsel Listed on Signature Page]

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| JOHN HALL and BRENDA HALL, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>THE VARIABLE ANNUITY LIFE INSURANCE COMPANY; et al,<br><br>Defendants. | No. 09-CV-712-TUC-JMR<br><br>**MOTION FOR APPOINTMENT OF LEAD PLAINTIFFS AND COUNSEL FOR LEAD PLAINTIFFS**<br><br>**The Honorable John M. Roll**<br><br>**(Oral argument requested)** |

Plaintiffs John Hall and Brenda Hall (collectively, "Plaintiffs") respectfully move this Court pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4(a)(3)(B), for an order: (1) appointing Plaintiffs as "Lead Plaintiffs" in

this action; and (2) approving Lead Plaintiffs' selection of Hagens Berman Sobol Shapiro LLP ("HBSS") as Lead Counsel.  This Motion is supported by the Declaration of Robert B. Carey ("Carey Decl."), the exhibits and Plaintiffs' Certifications attached thereto, and by the concomitantly filed Memorandum of Points and Authorities.

    /s/ Amy M.Wilkins
Amy M. Wilkins
**HAGENS BERMAN SOBOL SHAPIRO LLP**
Robert B. Carey #011186
Leonard W. Aragon #020977
Amy M. Wilkins #022762
11 West Jefferson Street, Suite 1000
Phoenix, Arizona 85003
Telephone: (602) 840-5900
Facsimile: (602) 840-3012
E-Mail: rcarey@hbsslaw.com
       leonard@hbsslaw.com
       amy@hbsslaw.com

**BONNETT FAIRBOURN FRIEDMAN & BALINT, PC**
Andrew S. Friedman #005425
Francis J. Balint, Jr.  # 007669
2901 N. Central Ave., Ste. 1000
Phoenix, Arizona  85012
Telephone:  (602) 274-1000
Facsimile:  (602) 274-1199
E-Mail:  afriedman@bffb.com
       fbalint@bffb.com

**FEAZELL & TIGHE LLP**
Austin Tighe
6618 Sitio Del Rio Boulevard
Building C-101
Austin, Texas 78730
Telephone: (512) 372-8100
Facsimile: (512) 372-8140
E-Mail: austin@feazell-tighe.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**GRANT WOODS, P.C.**
J. Grant Woods
1726 North Seventh Street
Phoenix, Arizona 85006
Telephone: (602) 258-2599
Facsimile: (602) 258-5070
E-mail: gw@grantwoodspc.net

Attorneys for Plaintiffs

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. STATEMENT OF ISSUES TO BE DECIDED

This is a securities class action lawsuit brought on behalf of all persons (the "Class") who purchased or otherwise acquired the variable annuity policies from Defendant The Variable Annuity Life Insurance Company ("VALIC" or "the Company") on or after January 1, 1974, to the present (the "Class Period"), asserting claims pursuant to §§10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") and Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder, 17 C.F.R. §240.10b-5.

Pursuant to the PSLRA, the Court is to appoint as "lead plaintiff" the member or members of the putative class with the largest financial interest in the relief sought by the class who seeks appointment and who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. §78u-4(a)(3)(B); *see generally In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002). Here, Plaintiffs should be appointed as Lead Plaintiffs because they: (1) timely filed a motion for appointment as Lead Plaintiffs; (2) have the largest financial interest in the outcome of this litigation of any person or group of persons seeking to serve as Lead Plaintiff; and (3) will adequately represent the interests of the Class. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii); *see also* Carey Decl., Ex. A.

The PSLRA also calls for the Court to appoint legal counsel for the Lead Plaintiffs. 15 U.S.C. §78u-4(a)(3)(B)(v). Plaintiffs' selection of Hagens Berman Sobol Shapiro LLP ("HBSS") to serve as lead counsel should be approved, because the firm

possesses extensive experience in the prosecution of class actions, including securities class actions, and will adequately represent the interests of all Class members.

## II. SUMMARY OF THE ACTION

The Halls' complaint alleges that VALIC, its successors and subsidiaries, as well as certain of its officers and directors, violated the Securities Exchange Act of 1934. The complaint alleges that during the Class Period, defendants marketed and sold annuity contracts by making material misrepresentations and failing to disclose material facts to Plaintiffs and Class members.

According to the complaint, VALIC agents failed to disclose that the tax deferral feature of the deferred annuity was redundant and unnecessary for Class members. The complaint also claims these materially false and misleading statements and omissions fraudulently induced purchases of the deferred annuities because they gave the impression that the product provided the key tax deferral benefit sought by investors, when, in fact, tax deferral is not a reason for qualified plan investors to purchase the product because any investment funding a qualified plain is already tax deferred. According to the complaint, Class members were harmed by entering into expensive annuity contracts that were redundant and unnecessary.

## III. PROCEDURAL BACKGROUND

Plaintiffs John Hall and Brenda Hall filed their Class Action Complaint on December 21, 2009.  Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), on January 8, 2010, notice that a class action had been initiated against Defendants was published on *Business Wire*, a widely circulated national business-oriented wire service, advising members of

the proposed Class of their right to move the Court to serve as Lead Plaintiff within 60 days after publication of the notice. *See* Carey Decl., Ex. B.

John Hall and Brenda Hall are Class Members (*see* Carey Decl., Ex. A) who have timely filed this motion within the 60-day period following publication of the January 8, 2010 notice.

## IV.   ARGUMENT

### A.   Plaintiffs Satisfy the PSLRA's Requirements and Should Be Appointed Lead Plaintiffs

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i).

First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. 15 U.S.C. §78u-4(a)(3)(A)(i). This notice shall advise members of the class of: (1) the pendency of the action; (2) the claims asserted therein; (3) the purported class period; and (4) the right to move the court to be appointed as lead plaintiff within 60 days of publication of the notice. Here, notice was published on January 8, 2010 on *Business Wire*, within the deadline established by the PSLRA. *See* Carey Decl., Ex. B. This notice provided that applications for appointment as Lead Plaintiff were to be made within 60 days of the publication of the notice. *Id*. Within 60 days after publication of the required notice, any member of members of the proposed Class may apply to the

Court to be appointed as Lead Plaintiff, whether or not they have previously filed a complaint in this action.  *See* 15 U.S.C. § 78u-4(a)(3)(A) and (B).

Next, the PSLRA provides that the Court, within 90 days after publication of the initial notice of the pendency of the action, the Court shall appoint as Lead Plaintiff the movant or movants whom the Court determines to be most capable of adequately representing the interests of Class Members.  The PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *see In re Cavanaugh*, 306 F.3d at 729-30.  This presumption may only be rebutted by a showing that Lead Plaintiffs will not fairly and adequately represent the class or are subject to unique defenses that will render the Lead Plaintiffs incapable of adequately representing the class.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Plaintiffs meet each of these requirements as set forth in the PLSRA and should therefore be appointed Lead Plaintiff.

### 1. Plaintiffs' Motion Is Timely

Plaintiffs have timely filed this Motion within 60 days of the January 8, 2010 notice publication, and have also duly signed and filed their certifications evidencing,

among other things, their willingness to serve as a representative party on behalf of the Class.  *See* Carey Decl., Ex. A.  Accordingly, Plaintiffs have satisfied the individual requirements of 15 U.S.C. §78u-4(a)(3)(B) and are entitled to have their application for appointment as Lead Plaintiffs considered by the Court.

### 2. Plaintiffs Possess the Largest Financial Interest in the Relief Sought by the Class

During the Class Period, Plaintiffs acquired an annuity policy during the Class Period for which, over time, John Hall contributed a total of $20,500.00, and Brenda Hall contributed a total of $16,975.00.  *See* Carey Decl., Ex. A; see, e.g., *Gerin v. Aegon USA, Inc.*, 2007 WL 108451 (N.D. Cal. 2007) (selecting lead plaintiff based on the amount that the various applicants had paid to purchase their respective annuities); *Ferrari v. Gisch*, 225 F.R.D. 599, 602 (C.D. Cal. 2004) ("So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status.").  To the best of Plaintiffs' knowledge, there are no other applicants who have sought, or are seeking, appointment as Lead Plaintiff that have a larger financial interest. *See, e.g., In re Copper Mountain Sec. Litig.*, 305 F. Supp. 2d 1124 (N.D. Cal. 2004) (appointing plaintiff with second-highest financial stake after applicant with highest stake dropped out following remand from Ninth Circuit). Therefore, Plaintiffs satisfy the PSLRA's prerequisite of having "the largest financial interest in the relief sought by the class."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).

8

### 3.    Plaintiffs Meet Rule 23's Requirements

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) generally requires that the claims of representative parties be typical of the claims of the class and that the representatives will fairly and adequately protect the interests of the class. *See* Fed. R. Civ. P. 23; *Cavanaugh*, 306 F.3d at 730. As detailed below, Plaintiffs readily satisfy the typicality and adequacy requirements of Rule 23(a).

The test of typicality "is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citation omitted); *see also In re Advanced Tissue Scis. Sec. Litig.*, 184 F.R.D. 346 (S.D. Cal. 1998) (typicality requirement of Rule 23(a)(3) is satisfied when representative plaintiffs' claims arise out of the same event or course of conduct as do the other class members' claims, and are based on the same legal theories). The adequacy requirement is met if no conflicts exist between the representative and class interests and the representative's attorneys are qualified, experienced and generally able to conduct the litigation. *Richardson v. TVIA, Inc.*, 2007 U.S. Dist. LEXIS 28406, at *16 (N.D. Cal. 2007) (citing Fed. R. Civ. P. 23(a)(4) and *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003)).

Here, Plaintiffs meet the typicality and adequacy requirements because, like all other members of the putative Class, they purchased an annuity from VALIC during the

Class Period in reliance upon the alleged false and misleading statements and suffered damages thereby. Plaintiffs' claims are (a) premised on the same legal and remedial theories and (b) are based on the same types of alleged misrepresentations and omissions as the Class's claims. *See In re Surebeam Corp. Sec. Litig.*, 2003 U.S. Dist. LEXIS 25022 (S.D. Cal. 2004).

Adequacy is similarly satisfied, for Plaintiffs have retained counsel highly experienced in class litigation. Carey Decl. at ¶ 6. There are no conflicts between Plaintiffs and the other Class members at all, let alone a conflict that is "apparent, imminent and on an issue at the very heart of the suit." *Blackie v. Barrack*, 524 F.2d 891, 909 (9th Cir. 1975).

Plaintiffs therefore satisfy the *prima facie* showing of typicality and adequacy under Rule 23.

**B.     This Court Should Approve Plaintiffs' Selection of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). Courts should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa).

Here, Plaintiffs have selected HBSS as lead counsel for the Class. HBSS is one of the leading firms in the United States in securities litigation. HBSS attorneys work for institutional and individual investors defrauded by the management practices of publicly held corporations. HBSS has the ability and experience to tackle complex cases. HBSS has recovered $220 million on behalf of ENRON employees and a $92 million settlement

10

with Boeing. In addition to those cases, HBSS represented investors in nationwide class actions for securities violations against WPPSS, Einstein-Noah Bagel, Boston Chicken, Oppenheimer, Morrison Knudsen, ProCyte, Wall Data, PriceCostco, MK Rail, Bonneville Pacific, Mercer International, NeoRx, Egghead, and Omega Environmental. *See* Carey Decl. ¶ 6. Thus, the Court may be assured that in the event this Motion is granted, the members of the Class will receive the highest caliber of legal representation available from HBSS as lead counsel. Because Plaintiffs has selected and retained counsel experienced in litigating class actions with the resources to prosecute this action to the greatest recovery possible for the Class, their choice of HBSS should be approved.

## V.  CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court: (1) appoint Plaintiffs to serve as Lead Plaintiffs; and (2) approve Plaintiffs' selection of HBSS as Counsel for Lead Plaintiffs and the putative Class.

Respectfully submitted this 9th day of March, 2010

      /s/   Amy M. Wilkins

**HAGENS BERMAN SOBOL SHAPIRO LLP**
Robert B. Carey #011186
Leonard W. Aragon #020977
Amy M. Wilkins #22762
11 West Jefferson Street, Suite 1000
Phoenix, Arizona 85003
Telephone: (602) 840-5900
Facsimile: (602) 840-3012
E-Mail: rcarey@hbsslaw.com
      leonard@hbsslaw.com

**BONNETT FAIRBOURN FRIEDMAN & BALINT PC**
Andrew S. Friedman #005425
Francis J. Balint, Jr.  # 0076692901 N. Central Ave., Ste. 1000
Phoenix, Arizona  85012
Telephone:  (602) 274-1000
Facsimile:  (602) 274-1199
E-Mail:  afriedman@bffb.com
             fbalint@bffb.com

**FEAZELL & TIGHE LLP**
Austin Tighe
6618 Sitio Del Rio Boulevard
Building C-101
Austin, Texas 78730
Telephone: (512) 372-8100
Facsimile: (512) 372-8140
E-Mail: austin@feazell-tighe.com

**GRANT WOODS, P.C.**
J. Grant Woods
1726 North Seventh Street
Phoenix, Arizona 85006
Telephone: (602) 258-2599
Facsimile: (602) 258-5070
E-mail: gw@grantwoodspc.net

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on March 9, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 9, 2010.

**HAGENS BERMAN SOBOL SHAPIRO LLP**

   /s/   Amy M. Wilkins
Robert B. Carey #011186
Leonard W. Aragon #020977
11 West Jefferson Street, Suite 1000
Phoenix, Arizona 85003

**ELECTRONIC MAIL NOTICE LIST**

Andrew M. Jacobs (#021146)
SNELL & WILMER L.L.P.
One South Church Avenue, Suite 1500
Tucson, AZ 85701-1630
Telephone: (520) 882-1200
ajacobs@swlaw.com

Attorney for Defendant
The Variable Annuity Life Insurance Company