**HAGENS BERMAN SOBOL SHAPIRO LLP**
Robert B. Carey #011186
Leonard W. Aragon #020977
11 West Jefferson Street, Suite 1000
Phoenix, Arizona 85003
Telephone: (602) 840-5900
Facsimile: (602) 840-3012
E-Mail: rob@hbsslaw.com
       leonard@hbsslaw.com

**GRANT WOODS, P.C.**
J. Grant Woods #006106
1726 North Seventh Street
Phoenix, Arizona 85006
Telephone: (602) 258-2599
Facsimile: (602) 258-5070
E-mail: gw@grantwoodspc.net

Attorneys for Plaintiffs Hall

[Additional counsel listed on signature page]

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JOHN HALL and BRENDA HALL, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>THE VARIABLE ANNUITY LIFE INSURANCE COMPANY, et al.<br><br>Defendants. | No. 4:09-cv-712-AWT<br><br>**MOTION TO CONSOLIDATE CASE WITH BOBBITT V. MILBERG, LLP, et al.** |
| PHILIP BOBBITT and JOHN SAMPSON, Individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>MILBERG, LLP, et al.<br><br>Defendants. | No. 4:09-cv-00629-FRZ |

Pursuant to Rule 42(a), FED. R. CIV. P., Plaintiffs John Hall and Brenda Hall move this Court to consolidate this case with *Bobbitt v. Milberg, LLP*, *et al.*, Case No. 4:09-cv-00629-FRZ. The two cases share common issues of law and fact, and consolidation will ensure consistency of results and promote judicial economy.

## INTRODUCTION

This motion asks the Court to consolidate two cases that both arise from the same underlying litigation, *Drnek v. Variable Annuity Life Ins. Co.* ("VALIC"), No. 4:01-cv-00242-CKJ. *Drnek* was a securities class action that had been certified as a class action, but after plaintiffs' counsel missed an expert disclosure deadline, the district court vacated the certification and granted summary judgment for defendant VALIC.

After the Ninth Circuit affirmed, two cases were filed asserting different theories of recovery for the *Drnek* class. The *Hall* case seeks relief for the same class as certified in *Drnek* and asserts the same claims against VALIC as the *Drnek* class; the Hall plaintiffs contend that the statute of limitations has not passed and that the *Drnek* claims may be timely re-asserted in a second class action. In *Bobbitt*, in contrast, plaintiffs seek relief for the same class as certified in *Drnek*, but seek recovery from Drnek's attorneys for legal malpractice, claiming the statute of limitations has passed and that the class may no longer timely assert claims against VALIC.

In other words, whether the *Hall* case or the *Bobbitt* case should move forward depends on a single critical issue: the statute of limitations. In the motion to dismiss briefing in *Bobbitt*, the attorney defendants asserted that plaintiffs could not show injury (or a loss of a right or remedy) because the statute of limitations had not passed, and that plaintiffs could assert their claims in the *Hall* case. This Court ruled against the attorney defendants, stating the statute of limitations had not been tolled during the pendency of the appeal in *Drnek* and that any claim against VALIC had expired.

This ruling directly affects the *Hall* case, and consolidation would avoid entirely separate litigation in a different court on a case where the parties argue mutually exclusive theories. The Halls fully expect VALIC to assert the statute of limitations as a

1

1   defense and to cite to this Court's ruling in *Bobbitt* as support. The Halls ask the Court to
2   consolidate their case with *Bobbitt*; the Halls will then seek a ruling on the statute of
3   limitations issue from this Court. As discussed in detail below, a single court should
4   resolve this issue for reasons of judicial economy, fairness to the parties, and consistency
5   of results.

## BACKGROUND

### A.     The Three Related Cases

On November 2, 2009, plaintiff Philip Bobbitt filed a class action complaint ("the Bobbitt Lawsuit") against Milberg, LLP (formerly known as Milberg Weiss LLP) and others, alleging legal malpractice. Bobbitt alleged that he was a member of a class that had been certified on January 21, 2004, in a lawsuit captioned *Drnek v. Variable Annuity Life Ins. Co.* ("VALIC"), No. 4:01-cv-00242-CKJ (the "Underlying Litigation"). In *Drnek*, the plaintiffs had alleged that VALIC violated federal securities laws by marketing and selling deferred annuity products to investors that were not suitable for those investors.

Bobbitt alleged malpractice because the *Drnek* case had not ended well. In *Drnek*, the Court had certified the class. Plaintiffs then disclosed expert Steve Largent in early March, 2004, and produced his report and witness list on June 3, 2004. The discovery cut-off, however, was February 13, 2004, and the expert disclosure deadline was January 22, 2004. VALIC moved to strike the expert witness, and the Court granted the motion. Based on that ruling, the Court found that the class in *Drnek* could not prove damages, and vacated class certification on that basis, presumably due to the plaintiffs' inability to put on evidence for the class as a whole. On August 17, 2004, the Court ruled: "[T]he Court finds that Plaintiffs cannot prove a class-wide measure of damages. This conclusion leads to conclusion that the class certification granted by the Court should be vacated." The court granted VALIC's motion for summary judgment.

On August 16, 2005, the *Drnek* plaintiffs appealed. On December 21, 2007, the Ninth Circuit upheld the district court's ruling.

1 On December 21, 2009, two years after the Ninth Circuit upheld the district court's ruling, the Hall plaintiffs filed a complaint against VALIC. Plaintiffs brought the same securities claims against VALIC that had been brought in *Drnek*. The *Hall* plaintiffs contend that the class still has a right to recover on its claims against VALIC and that the action is timely. The *Hall* Complaint was initially assigned to the Honorable John Roll; it is now pending before the Honorable A. Wallace Tashima.

The Bobbitt plaintiffs took a different route. Instead of suing VALIC, the plaintiffs alleged that the Milberg defendants had committed malpractice by missing deadlines, resulting in vacatur of the class certification and summary judgment in VALIC's favor. Bobbitt alleges that as a result of the Milberg defendants' negligence, the class lost its right to recover against VALIC because the statute of limitations had passed. (Bobbitt Compl. ¶¶ 3-4.) The Bobbitt Complaint was assigned to the Honorable Frank Zapata.

**B.     The Bobbitt Lawsuit Has Already Decided Issues That Affect the Hall Plaintiffs**

This Court has already ruled on a motion to dismiss in *Bobbitt*, and this ruling affects the *Hall* case. In *Bobbitt*, the Milberg defendants filed a motion to dismiss the second amended complaint and argued in part that plaintiffs could not show injury, or loss of a "right, remedy or interest" for their malpractice claim, because the statute of limitations had not passed. Milberg argued that tolling for the class claims had continued during the pendency of the appeal of the court's vacatur of the class certification. As a result, the Milberg defendants argued, the Bobbitt plaintiffs could still assert their claims in the *Hall* case.

On November 4, 2010, Magistrate Judge Guerin issued a Report and Recommendation that granted in part and denied in part Milberg's motion to dismiss. Magistrate Judge Guerin held that the statute of limitations was tolled only until August 17, 2004, "when class certification was denied," referring to the vacatur of class certification. The judge rejected Milberg's argument that tolling had continued pending

1  the appeal, claiming that when a class action is denied, tolling does not continue during
2  the subsequent appeal.  The judge found that the district court's ruling "was the
3  equivalent of a determination that, absent a class-wide measure of damages, plaintiffs had
4  not met the Rule 23 requirement that a class action be 'superior'…." (11/4/2010 Rep. at
5  9.)  The magistrate continued, "After August 17, 2004, 'the putative class members had
6  no reason to assume that their rights were being protected.  Stated differently, they were
7  notified that they were no longer parties to the suit and they should have realized they
8  were obliged to file individual suits or intervene in the class action." *Id*.  Thus, the
9  magistrate rejected Milberg's argument that the statute of limitations had not passed.

10        On December 23, 2010, this Court adopted Magistrate Judge Guerin's Report and
11  Recommendation, denying in part and granting in part Defendants' motion to dismiss.
12  (12/23/2010 Order.)

13        This Court's ruling directly impacts the *Hall* case, because if another court adopts
14  the ruling that the statute of limitations has expired, then the *Hall* complaint is untimely.
15  If the statute of limitations was tolled during the pendency of the appeal, then the
16  complaint would be timely, but the Magistrate's Report, adopted by this Court, found
17  specifically that there was no tolling.

18      **C.**    **Hall's Prior Motion To Relate The Cases**

19        On January 20, 2010, the Halls filed a motion to transfer the *Hall* case to this
20  Court on grounds the *Hall* case was related to *Bobbitt*.  VALIC then filed a motion to
21  transfer the *Hall* action to Texas, even though the *Drnek* action had been litigated in
22  federal court in Tucson.  This Court denied the motion to relate the cases pending a ruling
23  on the motion to transfer.  (3/10/10 Order.)  To date, the motion to transfer has not been
24  ruled upon.

# ARGUMENT

### A.  The Cases Involve Common Questions Of Law And Fact

When actions before the Court involve a common question of law or fact, the Court may consolidate the actions. FED. R. CIV. P. 42(a). Here, the two actions arise out of identical facts—both arose out of the same underlying lawsuit, *Drnek*. *See Owen v. Labor Ready, Inc.*, 2005 U.S. App. LEXIS 17848, *4 (9th Cir. July 12, 2005) (when two class action lawsuits were filed by different employees against same employer, it was "undisputed" that the two actions "involve[d] common legal and/or factual questions"). Even more critically, the outcome of both lawsuits hangs on the outcome of the statute of limitations. The statute of limitations is critical to both cases. If it expired, then the original *Drnek* class may only recover through a malpractice claim, as the Bobbitt plaintiffs assert. If not, then the *Drnek* class may still pursue their claims through a second class action in *Hall*.

The Milberg defendants raised this issue in their motion to dismiss, in arguing that because the limitations period had not passed, the Bobbitt plaintiffs could not show the loss of a right or remedy. The Court ruled against defendants on this issue and held the statute of limitations had not been tolled during the appeal. (12/23/10 Order; 11/4/2010 Rep. at 9.) The identical issue is certain to arise in Hall's lawsuit against VALIC. VALIC will defend the lawsuit on limitations grounds, and no doubt cite to this Court's ruling in *Bobbitt* that there was no tolling during the pendency of the appeal.

Beyond the threshold statute of limitations issue, the two cases will require determination of substantially the same questions of law. The *Bobbitt* case is a malpractice lawsuit, which requires proof of the case-within-a-case—i.e., that the class would have recovered in the *Drnek* litigation but for the malpractice. *See, e.g., Cecala v. Newman*, 532 F. Supp. 2d 1118, 1136 (D. Ariz. 2007) ("When the malpractice sounds in negligence, the plaintiff must prove that but for the attorney's negligence, he would have been successful in the prosecution or defense of the original suit.") (internal quotation omitted). Here, the *Hall* plaintiffs are attempting to prove the identical inquiry—that the

5

1  class is entitled to recover against VALIC in a lawsuit asserting the very claims that were
2  asserted in *Drnek*.  Put differently, *Hall* is the case-within-a-case that *Bobbitt* must prove.
3        Other issues of law are substantially the same, including:  (a) class certification
4  issues, and whether the *Bobbitt* and *Hall* classes are identical; (b) determination of the
5  effect of the trial court's orders in *Drnek* on the *Hall* and *Bobbitt* lawsuits; and (c)
6  damages issues, including whether the *Hall* case affects *Bobbitt*'s putative class's right to
7  recovery.

       **B.**     **The Cases Should Be Consolidated**

9        Federal judges consolidate cases primarily to avoid inconsistent results, to
10 conserve resources, and to promote the interests of justice.  "[C]onsolidation is used to
11 combine actions so as to avoid producing inconsistent or conflicting results.  The danger
12 of such results and the inequitable treatment they foster when parties are truly similarly
13 situated have led courts, in a range of cases, to consolidate proceedings."  8 MOORE'S
14 FEDERAL PRACTICE § 42.10 (2011).
15       Here, there is an obvious risk of inconsistent results.  If another court decides that
16 the statute of limitations was tolled during the *Drnek* appeal, then the *Hall* case will move
17 forward.  The same class will then proceed on two different tracks—the *Hall* class will
18 seek recovery from VALIC, and the *Bobbitt* class will seek the recovery it should have
19 gotten from VALIC in *Drnek* from Drnek's attorneys.  The better course is for one judge
20 to decide the issue consistently for the parties.  "The purpose of consolidation is to
21 enhance court efficiency (i.e., to avoid unnecessary duplication of evidence and
22 procedures) and to avoid substantial danger of inconsistent adjudications (i.e., different
23 results because tried before different juries or judges)."  *Hill v. England*, 2006 U.S. Dist.
24 LEXIS 37732, *4 (E.D. Cal. May 24, 2006).  Here, if the Court does not consolidate, the
25 same issue will be decided by two courts on two different time tracks.  Moreover,
26 VALIC's motion to transfer, if granted, would result in two different judges deciding the
27 same issue—in two different circuits.  It is conceivable that, on appeal, review of the
28 tolling issue could result in a circuit split.

1    In *Waste Distillation Tech., Inc. v. Pan Am. Resources, Inc.*, 775 F. Supp. 759, 761
2 (D. Del. 1991), the district court held "that the administration of justice in the two
3 pending cases would be best served by consolidation" when "[b]oth suits involve the
4 same plaintiff, an identical factual setting, the same witnesses, documents, and exhibits.
5 The two actions also assert identical legal issues." *Id*. at 761.  Here, likewise, both cases
6 involve the same parties, the same factual background, and many of the same witnesses,
7 documents, exhibits, and legal issues.
8    The same court explained the advantages of consolidation under these
9 circumstances:  "Consolidation will encourage orderly pretrial discovery, save witness
10 time and expense, avoid duplicitous filings, and eliminate the risk of inconsistent results
11 between two proceedings.  Not only will resolution of separate actions waste time, energy
12 and money but nothing has been presented to indicate that any inconvenience, delay or
13 expense will result from simultaneous disposition." *Id.*
14    When considering whether to consolidate, courts are also concerned about
15 consistent results.  "One of the primary objectives of consolidation is to prevent separate
16 actions from producing conflicting results."  *Int'l Paving Sys., Inc. v. Van-Tulco, Inc.*,
17 806 F. Supp. 17 (E.D.N.Y. 1992) (quoting *Bank of Montreal v. Eagle Assoc.*, 117 F.R.D.
18 530, 533 (S.D.N.Y. 1987)).  In that case, two cases involved the same issue: which party
19 was responsible for cracking of concrete.  The court found a risk of inconsistent results
20 between the two lawsuits—one suit could find one defendant responsible, but the other
21 suit could find the other defendant at least partly responsible.  "This would cause the very
22 inconsistent verdicts that consolidation aims to avoid and would be an inefficient use of
23 judicial resources." *Id*. at 22.
24    Here, likewise, the two cases are—or should be, if handled appropriately by the
25 legal system—mutually exclusive:  if one party is right, the other is wrong.  If the two
26 cases are not consolidated, then there is a real risk of inconsistent results:  this Court
27 found the statute of limitations was not tolled, but another court might find that the *Hall*
28 case should go forward.  Then two different cases will proceed—one against VALIC, and

7

1  one against the attorneys on the basis that any recovery against VALIC has been
2  foreclosed.  This inefficient, illogical result can be avoided by consolidation.
3        Consolidation also conserves resources.  Rather than having two judges decide the
4  statute of limitations issue—and, possible, the identical issues in the *Hall* case that will be
5  litigated as the case-within-a-case in *Bobbitt*—one judge should decide the identical
6  issues in both cases.
7        Because both cases are at an early stage—the *Bobbitt* case is still briefing
8  Milberg's motion to dismiss, and VALIC has not yet responded to the Halls' complaint—
9  there is no prejudice in consolidation.  *See Hill*, 2006 U.S. Dist. LEXIS 37732, *4 ("A
10 court must balance the savings of time and effort gained through consolidation against
11 the inconvenience, delay or expense that might result from simultaneous disposition of
12 the separate actions.") (internal quotation omitted).  There is no risk of delay, extra
13 expense, or inconvenience to any party from having these two cases, which are on
14 essentially the same track, decided together.

15       **C.**     **The Case Should Be Assigned To Judge Zapata**

16       Local Rule 42.1(d) provides factors to be considered when assigning a case:  "(1)
17 whether substantive matters have been considered in a case; (2) which Judge has the most
18 familiarity with the issues involved in the cases; (3) whether a case is reasonably viewed
19 as the lead or principal case; or (4) any other factor serving the interest of judicial
20 economy."  LRCiv 42.1(d).
21       Here, *Bobbitt* was filed before *Hall*.  The *Bobbitt* case was assigned to Judge
22 Zapata.  Judge Zapata has already ruled on substantive motions, including the Milberg
23 defendants' motion to dismiss.  On the other hand, in *Hall*, plaintiffs filed their complaint
24 on December 21, 2009, and no other action has taken place on the case other than
25 briefing on the motion to transfer.  Judge Tashima has not yet ruled on that motion.
26
27
28

8

### D. The Court Should Consolidate The Cases And Then Rule On The Motion To Transfer

Although this Court previously ruled that the motion to transfer should be ruled upon before the Court would consider the motion to relate the cases, Plaintiffs respectfully request that this Court first consolidate and then rule on the motion to transfer.

In *Waste Distillation*, the court faced the same issue: the parties sought both consolidation of two cases and transfer to another court. The court first considered the factors supporting consolidation and held that it was warranted for consistency of results, judicial economy, and due to the similarity of facts and legal issues presented. Only then did the court consider the motion to transfer: "Thus, even though this Court holds that consolidation is appropriate, each action must be reviewed separately on the question of transfer based upon the facts and circumstances existing at the time of the commencement of the respective action." *Waste Distillation*, 775 F. Supp. at 761. In that case, the court held that transfer was not warranted.

The Halls have fully briefed the motion to transfer, and will not re-urge their arguments in this motion to consolidate. Given this Court's familiarity with the facts and issues presented in the *Hall* case and their close interrelationship with the *Bobbitt* case, however, the Halls respectfully suggest that this Court is the appropriate Court to determine the appropriate venue for the *Hall* case, which it can do after consolidation.

### CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that their case be transferred to Judge Zapata and consolidated with the *Bobbitt* case.

///

///

9

RESPECTFULLY SUBMITTED this 29th day of April, 2011.

        **HAGENS BERMAN SOBOL SHAPIRO LLP**

By  s/ Robert B. Carey
    Robert B. Carey
    Leonard W. Aragon
    11 West Jefferson Street, Suite 1000
    Phoenix, Arizona 85003

    J. Grant Woods
    GRANT WOODS, P.C.
    1726 North Seventh Street
    Phoenix, Arizona 85006

    Austin Tighe
    FEAZELL & TIGHE LLP
    6618 Sitio Del Rio Boulevard
    Building C-101
    Austin, Texas 78730
    Telephone: (512) 372-8100
    Facsimile: (512) 372-8140
    Email: austin@feazell-tighe.com

    Attorneys for Plaintiffs

## CERTIFICATION OF SERVICE

I hereby certify that on April 29, 2011, I electronically transmitted the attached document to the Clerk's office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant(s):

Peter Akmajian, pakmajian@udalllaw.com, ECF@udalllaw.com

Joseph F. Brophy, joeb@hts-law.com, amyb@hts-law.com

Roger James George, Jr., rjgeorge@georgeandbrothers.com, receptionist@georgeandbrothers.com, fjordan@georgeandbrothers.com

Thomas Andrew Gilson, tgilson@lrlaw.com, mlivings@lrlaw.com

Guy M. Hohmann, guyh@hts-law.com, cindyf@hts-law.com

Gregory P. Joseph, gjoseph@josephnyc.com

Steven Douglas Leach, sleach@jshfirm.com, mcreed@jshfirm.com

Gary L. Lewis, glewis@georgeandbrothers.com, receptionist@georgeandbrothers.com, kseabolt@georgeandbrothers.com

Robert H. McKirgan, rmckirgan@lrlaw.com, dgarrett@lrlaw.com

Donald L. Myles, Jr., dmyles@jshfirm.com, elopezbanks@jshfirm.com

Douglas J. Pepe, dpepe@josephnyc.com

Ryan T. Shelton, ryans@hts-law.com

Michele Guy Thompson, mthompson@udalllaw.com, ecf@udalllaw.com

Ashley Grace Villaverde, avillaverde@jshfirm.com, josborn@jshfirm.com

Jeffrey H. Zaiger, jzaiger@josephnyc.com

Leonard W. Aragon, leonard@hbsslaw.com, amyn@hbsslaw.com, ecfphx@hbsslaw.com

Andrew Martin Jacobs, AJacobs@swlaw.com, Docket_TUX@swlaw.com, NWhitney@swlaw.com

Daniel McNeel Lane, Jr., nlane@akingump.com, kanson@akingump.com, jdelgado@akingump.com, gmturner@akingump.com

1  Matthew E. Pepping, mpepping@akingump.com

2  Austin Tighe, austin@feazell-tighe.com

3  Ashley B. Vinson, avinson@akingump.com, kerickson@akingump.com

4
5  Amy Marie Wilkins, amyw@hbsslaw.com, ecfphx@hbsslaw.com, laurenb@hbsslaw.com

6  Joel Grant Woods, gw@grantwoodspc.net, sharonb@grantwoodspc.net

7
8
9  s/ Amy Nolan
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28